Massachusetts Sportservice, Inc. *vs.* Berkshire Downs, Inc. & others.

Suffolk. January 6, 1971. — June 30, 1971.

Present: Tauro, C.J., Cutter, Spiegel, Reardon, & Quirico, JJ.

*Equity Jurisdiction,* Declaratory relief. *Contract,* For race track consession.

In a suit in equity by a concessionaire under an agreement with the operator of a horse racing track providing that a sale of the track would be subject to the agreement, which the purchasers would be considered to assume, the plaintiff was not entitled to a declaration of rights or other relief with respect to a proposed sale of the track to the owner of a competing track where the judge found that at the time of trial such sale had not taken place and that "the status of the agreement [of sale] . . . is entirely unclear on the record," and ruled that "the record is insufficient to raise a justiciable issue in these proceedings for a declaration of rights with respect to" the proposed sale. [76–77]

A long term agreement between a concessionaire and a corporation operating a horse racing track at certain premises, providing that if the corporation for any reason failed to operate during the time the agreement was in effect it would "automatically be extended" for a period equal to the period of suspension of operations, was extended for additional periods by reason of the corporation's failure to hold racing meetings following its declination of a license for twenty-four days of racing at such premises, but the concessionaire was not entitled to perform concession services at a race track on other premises for twenty-four days by virtue of a license granted therefor to a purchaser of all the corporation's stock, notwithstanding a term of the agreement that it would apply to any other premises to which the corporation might transfer its operations. [77]

Bill in equity filed in the Superior Court on June 24, 1969.

The suit was heard by *Ford,* J.

*Thomas D. Burns* for the plaintiff.

*Joel A. Kozol* (*Harvey E. Pies & Richard M. Zinner* with him) for Berkshire Downs, Inc. & another.

*Harrison A. Fitch* (*Roger P. Stokey* with him) for ABC Consolidated Corporation.

BY THE COURT. On January 17, 1964, Berkshire Downs, Inc. (Berkshire), operated a horse racing track in Hancock. For a consideration paid to it by the plaintiff, it agreed in writing that (a) the plaintiff was to have the exclusive right to perform the concession services (sale of food, beverages and other articles, and parking of automobiles) at the track for a long term of years, and (b) that Berkshire would conduct race meets at the track throughout the term of the agreement. The agreement provided that it would apply to any other premises to which Berkshire might transfer its operations, and that if Berkshire sold its track it would notify the purchasers of the agreement and would make the sale subject to the agreement which the purchasers would be considered to assume. On June 5, 1969, Realty Equities Suffolk Downs, Inc. (Suffolk), a competing track in Boston and Revere, purchased all of the outstanding shares of stock of Berkshire for $550,000.

About the same time Suffolk made an agreement to sell the track and other physical assets of Berkshire to Martin DeMatteo, Jr., who owned or controlled a competing horse racing track in Pownal, Vermont, and as part of the sale to impose a restriction "forever prohibiting the use of the real estate for the conduct of horse racing (flat and harness) except for a six-day 'fair racing' meeting, so called." The judge found that at the time of trial the sale had not taken place, that "the status of the agreement . . . including what steps, if any, had been taken by Berkshire, or the buyer, or Suffolk is entirely unclear on the record." He further ruled that "the record is insufficient to raise a justiciable issue *in these proceedings* for a declaration of rights with respect to . . . [the agreement to sell] other than by way of speculation as to the facts and the status of that proposed transaction. I decline to do so" (emphasis supplied). By reason of such findings and rulings, the plain-

tiff has failed to sustain the burden of proving that it is entitled to any declaration of rights or to other relief in this proceeding on the basis of the proposed sale of the track by Berkshire. We are not required to decide in this case whether Berkshire will become liable to the plaintiff if it sells its track to DeMatteo subject to the proposed permanent restriction against its use for racing.

In July, 1969, Berkshire, then a wholly owned subsidiary of Suffolk, notified the Massachusetts State Racing Commission that it declined to accept a license which had been granted to it for twenty-four days of racing at Hancock. Thereupon Suffolk requested a license for twenty-four days and the Commission granted it. These days were in addition to sixty-six days already granted to Suffolk. The plaintiff has filed a bill in equity asking for a declaration that by virtue of its agreement with Berkshire for concessions at Hancock, it is entitled to perform the same type of services at Suffolk's track in Boston and Revere for twenty-four days. Suffolk had granted all such concession rights, except for parking and some minor items, to another corporation on March 11, 1969, for a period ending December 31, 1978. The judge correctly ruled that the plaintiff's agreement with Berkshire did not entitle it to perform concession services at Suffolk's track. The agreement provided that if Berkshire "for any reason fails to operate" during any time that it is in effect, it will automatically be extended for a period equal to the year or years "as shall equal the yearly period or periods of such suspension, voluntary or involuntary, of operations by [Berkshire]." On the basis of that language the judge correctly ruled that Berkshire's failure to hold racing meets "merely extends the terms of the . . . agreement for additional periods." The final decree is affirmed.

*So ordered.*